IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-64,782-01






EX PARTE MICHAEL RAY TRAHAN, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM CAUSE NO. 879384 IN THE 263RD JUDICIAL DISTRICT COURT OF
HARRIS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of possession of a controlled substance, and
punishment was assessed at five years' confinement. Applicant filed a motion for a new trial
and a notice of appeal. The motion for a new trial was granted, and on the same date the trial
court granted the State's motion to dismiss the case. The court of appeals subsequently
dismissed Applicant's appeal as moot, because the case had been dismissed. Trahan v. State
No. 14-02-00199-CR (Tex. App.- Houston [14th Dist.], delivered May 30, 2002, no pet.)

 Applicant contends that TDCJ's records show that he is currently serving his sentence
for this conviction, although the cause was dismissed. TDCJ's records do indeed show that
Applicant is serving a five-year sentence for cause no. 879384.

 The trial court has entered findings of fact or conclusions of law finding that this
Court has no jurisdiction to address Applicant's claims because he does not have a final
felony conviction in this cause. However, we do not believe that those factual findings are
sufficient to completely resolve the issues presented. Because Applicant has stated facts
requiring resolution and because this Court cannot hear evidence, it is necessary for the
matter to be remanded to the trial court for resolution of those issues. 

 The trial court shall first make findings of fact as to whether the charges in cause no.
879384 were dismissed pursuant to the State's request. If the trial court finds that the case
was in fact dismissed, the court shall order the district clerk to forward copies of the order
dismissing the case to TDCJ and to the Board of Pardons and Paroles, so that Applicant's
records may be corrected.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within ninety days of the date of this order. (1) A supplemental
transcript containing a copy of any order dismissing the case, along with the trial court's
findings of fact and conclusions of law, shall be returned to this Court within one hundred
and twenty days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 7th DAY OF JUNE, 2006.

EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.